RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEP 09 2013

FILED_____
DOCKETED_____   DATE   INITIAL

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILLIAM NATHANIEL WASHINGTON,

    Petitioner-Appellant,

v.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent-Appellee.

No. 13-56387

D.C. No. 2:13-cv-04442-VAP
Central District of California,
Los Angeles

REQUEST FOR AN EMERGENCY STAY OF STATE COURT PROCEEDINGS, PURSUANT TO U.S.C.S. § 2251

To: Molly C. Dwyer, Clerk of the United States Court of Appeals, for the Ninth Circuit:

    The appellant, William Nathaniel Washington, hereby moves, this honorable Court of Appeals, for an emergency stay of state court proceedings, pursuant to 28 U.S.C. § 2251(a)(1). An appeal of a dismissal of an emergency habeas corpus petition is pending in this Court. The appellant has raised the Constitutional claim that he has substantive due process right not to be subjected to criminal charges on the basis of false evidence deliberately fabricated by the government. He has the due process right to challenge

1.

this evidence before the commencement of trial, and/or, as in the appellant's case during trial proceedings. The District Court has dismissed the habeas corpus petition, under the Younger Abstention Doctrine, relying solely on the reasoning that the appellant has not demonstrated that he will be unable to present a defense in the state proceedings. However, the case of the appellant has just made the required showing, in that, he was deprived of his due process right to set up and was unable to rely on his outrageous police misconduct defense. In the trial of the appellant, a combination of factors deprived him of this right: (1) the prosecution having foreknowledge that the appellant was going to challenge a questioned signature to a purported confession, intentionally withheld this material evidence; (2) the judge made the ruling that the defense could not examine the detective on the issue of the questioned signature; the defense was not allowed to enter into evidence proof that would have made a showing on the record that this questioned signature was indeed a forgery; and the attorney of the appellant was not allowed to ask him any question relating to this signature. Without being able to set up his defense, the appellant was left defenseless against the prosecution. As a direct result, he suffered a conviction, on 18 of 19 counts.

On <u>October 16, 2013</u>, the appellant is scheduled to be sentenced to an excess of forty years for 17 counts of credit card fraud and 1 count of possession of cocaine.

Absent this Court issuing an emergency stay of the state court proceedings, the appellantly will undoubtedly suffer a manifested injustice, of being sentenced to over forty years in the state prison.

The issuance of a stay will not injure the prosecution. It is evident that the prosecution does not stand to take a loss in this matter. In fact, the prosecution is clearly erroneous as a matter of law. By the prosecution intentionally withholding material evidence, relating to outrageous police misconduct, from the jury, he has deprived the appellant of his due process right to challenge evidence that is part of the basis for the criminal charges being filed against him. In all actuality, District Attorney, Todd Zink, manipulated the situation to gain a tactical advantage over the appellant, even at the cost of covering up evidence that if challenged would reveal police misconduct. He committed prosecutorial misconduct for only three possible reasons: (1) to save his case from scrutiny; (2) to protect the L.A.P.D. and Detective Marc Diamond from scandal; and/or (3) to secure a conviction against the appellant. One question that the appellant wishes to present to this honorable Court for consideration is this: "Why would a prosecutor choose not to enter into evidence a signed confession by a defendant? Common sense leaves only one possible conclusion for this.

The public interest in this case weighs heavily against outrageous police misconduct and prosecutorial misconduct.

3.

If one must break the law, in order to secure a conviction, then justice has not been reached.

An emergency stay is warranted if applicant shows probability of success on the merits and likelihood of irreparable injury or serious questions on merits and balance of hardships tipping in its favor. See Artukovic v. Rison, 784 F.2d 1354, 1355 (9th Cir. 1986). The appellant's case raises two serious question of law: (1) If a showing of outrageous police misconduct by the deliberate fabrication of evidence has been made, when is the appropriate time to challenge this issue; and (2) does not the appellant have a substantive due process right to challenge this evidence before the commencement of trial, and/or during trial proceedings? For these above-mentioned reasons the appellant prays that this honorable Court of Appeals issue a stay of the state court proceedings.

Dated: 9/1/13

By: _William N. Washington_

4.

## VERIFICATION
(C.C.P. §446; §2015.5; 28 U.S.C. §1746)

I, **William N. Washington**, declare under the penalty of perjury that: I am the **declarant** in the attached matter, I have read the foregoing documents and know the contents thereof, and the same is true of my own personal knowledge, or upon information and belief therein that they are true. That if called to testify as to the contents hereof, I could do so competently as a sworn witness.

Executed this **1st** day of **September, 2013** at the **Twin Towers Correctional Facility in Los Angeles** in the State of California.

(Signature) _William N. Washington_
Declarant

✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱

## DECLARATION OF SERVICE BY MAIL
(C.C.P. §1013(a); §2015.5; 28 U.S.C. §1746)

I, **William N. Washington**, declare; That I am a resident of the in the State of California. I am over the age of (18) years of age, I am [X] am not [ ] a party to the above entitled action. My address is **450 Bauchet Street   Los Angeles**, California **90012**.

I served the attached described documentation entitled:

**Request for an Emergency Stay of State Court Proceedings**

on the person(s)/entities/parties specified below by placing a true and duplicated copy(s) of the described documentation into a First Class Postage Paid envelope and submitted it to custody officials for inspection, sealing, and depositing in the United State Mail, consistent with the "Mailbox Rule": Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d. 245 (1988) at the **Twin Towers Correctional Facility in Los Angeles**, California **90012** addressed as follows:

**Clerk, U.S. Court of Appeals**
**For the Ninth Circuit**
**P.O. Box 193939**
**San Francisco, Ca. 94119-3939**

There is First Class mail delivery service by the United States Postal Service at the person(s)/entities/parties addresses and/or regular communications by Postal Service delivery at the addresses above. I declare under the penalty of perjury that the foregoing is true and correct according to my knowledge and beliefs, and that I executed the service on:

This **1st** day of **September, 2013**

(Signature) _William N. Washington_
Declarant

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEP 09 2013

FILED _____
DOCKETED _____
         DATE    INITIAL

Dear Molly C. Dwyer, Clerk,

Please forgive me if I am not providing the necessary copies. My being housed in the L.A. County Jail places me under circumstances in which I am unable to make copies. If it isn't too much to ask, can you send me a copy back showing that it has been filed. Also, can you send me the Rules of Court. Thank You Very Much.

Sincerely,

William M. [signature]